UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEADWATER RESEARCH LLC, Plaintiff, v. GOOGLE LLC, et al., Defendants. | Case No. 26-cv-01460-NW<br>Re: ECF No. 125 |
| HEADWATER RESEARCH LLC, Plaintiff, v. GOOGLE LLC, et al., Defendants. | Case No. 26-cv-06192-NW<br>Re: ECF No. 75 |
| HEADWATER RESEARCH LLC, Plaintiff, v. GOOGLE LLC, et al., Defendants. | Case No. 26-cv-07551-NW<br>Re: ECF No. 117<br>**ORDER GRANTING GOOGLE LLC'S MOTIONS TO STAY** |

In May and August of 2025, Plaintiff Headwater Research LLC ("Headwater") brought three actions against, *inter alia*, Defendant Google LLC ("Google") alleging patent infringement of various of its patents. Case Nos. 26-cv-01460-NW, 26-cv-06192-NW, 26-cv-07551-NW (the "'1460 Action," the "'6192 Action," and the "'7551 Action"; collectively, the "Above-Captioned Actions"). In February, June, and July, 2026, the Above-Captioned Actions were transferred to this Court from the Western District of Texas. '1460 Action, ECF Nos. 83–84; '6192 Action,

United States District Court
Northern District of California

ECF Nos. 78, 81; ’7551 Action, ECF Nos. 95–96. Before the Court are Google’s motions to stay these actions. ’1460 Action, ECF No. 125; ’6192 Action, ECF Nos. 75, 81; ’7551 Action, ECF Nos. 117. The Court determines that the motions are suitable for resolution without oral argument. Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motions and STAYS the Above-Captioned Actions.

“Courts have inherent power to manage their dockets, including the discretion to grant a stay pending concurrent proceedings before the [US]PTO.” *Trusted Knight Corp. v. Int’l Bus. Machs Corp.*, No. 19-cv-01206-EMC, 2020 WL 5107611, at *1 (N.D. Cal. Aug. 31, 2020). “Courts consider three factors when evaluating whether to stay a case pending [USPTO proceedings]: ‘(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.’” *Telcom Ventures LLC v. Apple Inc.*, No. 25-CV-05041-RFL, 2026 WL 84431, at *1 (N.D. Cal. Jan. 12, 2026) (quoting *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014)). Here, the Court finds that each factor favors a stay.

First, these cases are in their early stages, having been recently transferred from the Western District of Texas. In each case, upon reassignment to the undersigned, any trial dates were vacated, and none are currently set. ’1460 Action, ECF No. 115; ’6192 Action, ECF Nos. 100; ’7551 Action, ECF Nos. 107. And Headwater does not contend that discovery is complete. ’1460 Action, ECF No. 140 at 5; ’6192 Action, ECF No. 77 at 11; ’7551 Action, ECF No. 118 at 9–10. Indeed, the only case deadlines currently set are those in this Court’s initial case management order, issued upon reassignment. ’1460 Action, ECF No. 118; ’6192 Action, ECF Nos. 101; ’7551 Action, ECF Nos. 108.

Second, Headwater has asserted twelve patents in the Above-Captioned Actions. Of these, all four patents at issue in the ’1460 Action are subject to pending inter partes review (“IPR”) or ex parte reexamination (“EPR”) proceedings. ’1460 Action, ECF No. 125 at 8–9. All five of the patents at issue in the ’6192 Action are subject of pending IPR or EPR proceedings, except for U.S. Patent No. 9,198,117 which is on appeal after “the USPTO finally rejected claims 1-6, 9, 11-

United States District Court
Northern District of California

14, and 16-18 on April 23, 2026" during EPR. '6192 Action, ECF No. 75 at 7. And Google has filed IPR petitions as to four of the seven patents at issue in the '7551 Action. '7551 Action, ECF No. 117 at 11. The instituted IPRs and EPRs support a stay in the '1460 and '6192 Actions, as a stay would simplify the issues in question in those actions because some or all of the claims at issue may be invalidated. And while Headwater argues that those actions and IPR/EPR proceedings do not support staying the '7551 Action, two facts persuade the Court otherwise: the technology at issue in the cases is overlapping in significant part,[1] and all patents at issue are part of the same family. "When there are overlapping issues between the reexamined patents and other patents in suit, courts have found staying the entire case to be warranted." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006). Moreover, "it is not uncommon for this court to grant stays pending reexamination *prior* to the [US]PTO deciding to reexamine the patent." *PersonalWeb*, 69 F. Supp. 3d at 1027. Simply put, it is likely that the issues in the Above-Captioned Actions will be simplified or partially resolved by the instituted or pending IPR and EPR proceedings, even though proceedings related to the '7551 Action have not yet been instituted and even if the USPTO does not invalidate any claims. *See People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 WL 3453780, at *3 (N.D. Cal. May 29, 2015) ("Even if the PTAB does not invalidate any claims, the PTAB's claim construction and invalidity analyses 'would likely prove helpful to this Court,' whether or not the standard applied is identical to the one this Court must apply in the litigation."). This factor, too, favors a stay.

Finally, Headwater will not be unduly prejudice by a stay. Headwater is a non-practicing entity that is not seeking injunctive relief, so a "stay will not diminish the monetary damages to which [it] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

---

[1] The parties agree that in the '1460 and '6192 Actions, the accused technology relates to Google's Firebase Cloud Messaging ("FCM") system. *Compare* '1460 Action, ECF No. 125 at 6 *with id.* ECF No. 140 (not contesting that characterization); *compare also* '6192 Action, ECF No. 75 at 6 *with id.* ECF No. 77 (same). And while Headwater points out that some of the patents in the '7551 Action relate to different, eSIM technology, it admits that some of the patents in the '7551 Action implicate Google's FCM technology. *See* '7551 Action, ECF No. 118 at 8–9.

While a patentee has an interest in timely enforcement of its patents, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *See NFC Tech., LLC v. HTC Am., Inc.*, 13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

In sum, the Court finds that all three factors weigh in favor of a stay in the Above-Captioned Actions and GRANTS Google's motions. The '1460, '6192, and '7551 Actions are STAYED until **March 2, 2027**. The parties shall inform the Court within 3 days of: (1) a decision on institution of any of Google's pending petitions and (2) decisions in any of the other IPR or EPR proceedings, or appeals thereof, for the patents-in-suit in the Above-Captioned Actions.

The Court administratively TERMINATES the pending motions to dismiss in the Above-Captioned Actions and all related[2] administrative sealing motions, as well as the parties' stipulation to extend the deadline to respond to Google's Amended Answer and Counterclaims in the '6192 Action. *See* '1460 Action, ECF Nos. 149–152, 159, 164; '6192 Action, ECF Nos. 48, 111; '7551 Action, ECF No. 45. The parties may renew their motions to dismiss, as appropriate, after the stay is lifted. Finally, the Court VACATES all hearing dates and case management conferences in these actions. The Court sets a consolidated case management conference in the Above-Captioned Actions for March 16, 2027, at 9:00 a.m. via videoconference.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Noël Wise
United States District Judge

[2] The Court does not terminate Google's administrative motion to seal its amended answer and counterclaims, ECF No. 106, which the Court will resolve notwithstanding the stay.



United States District Court
Northern District of California