**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No.: 5:26-cv-06192-NW<br><br>**~~[PROPOSED]~~ ORDER DENYING, WITHOUR PREJUDICE IN PART, GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| GOOGLE LLC,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>HEADWATER RESEARCH LLC,<br>HEADWATER INNOVATIONS LLC,<br>HEADWATER PARTNERS II LLC.<br><br>Counter-Defendants. | |

Before the Court is Defendant and Counter-Plaintiff Google LLC's ("Google") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Google's Amended Answer and Counterclaims ("Sealing Motion"). ECF No. 106. Plaintiff and Counterclaim-Defendant Headwater Research LLC ("Headwater") filed a statement in support of the Sealing Motion pursuant to Civil L.R. 7-9(f). ECF No. 107. Non-party RPX Corporation ("RPX") also submitted a declaration in support of sealing. ECF No. 108.

Having considered the Sealing Motion and supporting statements, the Court DENIES, without prejudice in part, the motion. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). This includes motions to seal material submitted with an operative pleading. *See, e.g.*, *Concord Music Group Inc. v. Anthropic PBC*, No. 24-cv-03811-EKL, ECF No. 469 (applying compelling reasons to request to seal portions of Plaintiffs' first amended complaint).

Headwater and non-party RPX seek to seal portions of Google's amended answer relating to a license agreement, including the entire license agreement attached at Exhibit 1. ECF Nos. 106–08. The Court recognizes the public interest in the ability of parties to maintain private settlements and, more broadly, in maintaining under seal documents that disclose the terms of confidential licensing agreements. *See, e.g.*, *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993); *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389-EJD, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022). At the same time, these legitimate interests do not give parties *carte blanche* to seek to seal entire documents or paragraphs in an overbroad fashion: "[a] party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." For these reasons, while the Court might find

there are compelling reasons to seal truly sensitive terms, such as "pricing terms, royalty rates, and guaranteed minimum payment terms," or other "business information that might harm a litigant's [or non-party's] competitive standing," Google, Headwater, and RPX's sealing request here is overbroad. *Lenovo v. IPCom GmbH*, 2022 WL 2313948, at *2.

Google's Sealing Motion is DENIED, without prejudice in part, as indicated below.

- The parties' request to seal ¶ 64 of Google's Amended Answer, ¶¶ 32, 34–37, 42, 43–46, 50–52, p. 28 line 19, ¶¶ 56, 60–65, 67, 69–73, 75, 77–78 of Google's Counterclaims, and ¶¶ A and C of Google's Prayer for Relief is DENIED.
- The parties' request to seal Exhibit 1 to Google's Amended Answer, which is the Patent License Agreement, and to seal the remaining proposed paragraphs of Google's Amended Answer and Counterclaims, is DENIED without prejudice. **No later than December 14, 2026**, Google and Headwater may file a **joint notice** submitting narrower, proposed redactions to the Amended Answer and Counterclaims, including Exhibit 1.

The Clerk of Court shall maintain ECF Nos. 106-1 and 106-2 under seal until further order of this Court. If the parties do not file more narrowly-tailored proposed redactions by the deadline, the Court may unseal the Amended Answer and Counterclaims in their entirety.

**IT IS SO ORDERED**

Dated: November 24, 2026

The Honorable Noël Wise
United States District Court Judge